IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY L. LAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| OFFICER MICHAEL CORRIGAN (Star # 221), ) | |
| OFFICER WILLIAM S. MASSUCI (Star #215), ) | JURY DEMANDED |
| OFFICER RICHARD H. BOLEC (Star #244), ) | |
| COMMANDER MICHAEL OSCHNER, JR. ) | |
| (Star #406), and CITY OF BERWYN, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOHNNY L. LAKES, by and through LAW FIRM OF DAVID G. SIGALE, P.C., his attorney, and for his Complaint against the Defendants, OFFICER MICHAEL CORRIGAN (Star # 221), OFFICER WILLIAM S. MASSUCI (Star # 215), OFFICER RICHARD H. BOLEC (Star #244), COMMANDER MICHAEL OSCHNER, JR. (Star #406), and CITY OF BERWYN, ILLINOIS, states and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Lakes's Fourth Amendment rights as secured by the United States Constitution by the Defendants, who at all relevant times were Officers with the Chicago Police Department.

2. Specifically, as a result of police misconduct and abuse more fully

1

described below on September 7, 2014, Lakes was unlawfully detained and submitted to unreasonable search and seizure, causing him to suffer constitutional, emotional and other injuries.

## JURISDICTION & VENUE

3. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a). Venue is founded in this judicial Court pursuant to 28 U.S.C. § 1391, as the acts complained of occurred in this District.

## PARTIES

4. Plaintiff Lakes is an adult more than 18 years old who at all relevant time was a resident of the Village of Bolingbrook, County of Will, State of Illinois. At all relevant times he was in the City of Berwyn, County of Cook, State of Illinois. He was harmed by the Defendants in Berwyn, Cook County, Illinois.

5. Defendant Michael Corrigan is believed at all relevant times to have been a Berwyn Police Officer. He harmed Lakes in the City of Berwyn, County of Cook at all times relevant to this Complaint. He is sued in his individual capacity.

6. Defendant William S. Massuci is believed at all relevant times to have been a Berwyn Police Officer. He harmed Lakes in the City of Berwyn, County of Cook at all times relevant to this Complaint. He is sued in his individual capacity.

7. Defendant Richard H. Bolec is believed at all relevant times to have been a Berwyn Police Officer. He harmed Lakes in the City of Berwyn, County of Cook at all times relevant to this Complaint. He is sued in his individual capacity.

8. Defendant Michael Oschner, Jr. is believed at all relevant times to have been a Berwyn Police Commander. He harmed Lakes in the City of Berwyn, County of Cook at all times relevant to this Complaint. He is sued in his individual capacity.

9. Defendant City of Berwyn, Illinois at all relevant times was a municipal corporation, and the principal employer of the individual Defendants, who at all relevant times were acting under color of law and within the course and scope of their employment with the City of Berwyn.

## FACTS

10. On September 7, 2014, Lakes was with a friend at the Buffalo Wild Wings on Cermak Road in the City of Berwyn. At or around 5:30PM, he came out of the Buffalo Wild Wings when he saw his friend being arrested in the sidewalk area near the restaurant. When the Defendants realized Lakes was with his friend, the Defendants, without reasonable suspicion of any wrongdoing, detained Lakes for approximately an hour. During that time, the Defendants asked Lakes for identification, which he twice gave them. The identification was valid and cleared acceptably.

11. After approximately an hour, Lakes twice asked the Defendants if he could leave. One of the Defendants stated "You're not in handcuffs, are you?" When

3

Lakes then tried to leave the scene, and even though there was no reasonable suspicion or probable cause to keep Lakes any further, the Defendants nonetheless seized Lakes, handcuffed him, and then searched Lakes's wallet, where contraband was found.

12. Lakes was eventually charged with possession of both a (separate) false driver's license and credit card, which was later dismissed by *nolle prosequi* after the evidence seizure was deemed unconstitutional. Though the Defendant Corrigan testified in court that Lakes had handed over a false driver's license, that statement was false.

13. Lakes repeatedly asked why he was detained, seized and searched without his consent, but the Defendants gave Lakes no reason. Though Lakes's friend was ultimately charged with theft, Lakes was not.

14. Lakes was seized and searched because he was with someone whom the police suspected of committing a criminal offense, and not because Lakes had actually given the Defendants reasonable suspicion that he had committed, was committing, or was going to commit a crime.

15. Lakes was not convicted of any criminal offense.

16. As a result of the unconstitutional actions of the Defendants, Lakes suffered violations of his constitutional rights, the loss of physical freedom by being seized and detained without probable cause, the seizure and searching of his personal effects, the physical unwanted touching of the booking process, harassment, the loss of reputation due to the Defendants' unlawful actions, as well

as the emotional trauma of the occurrence, which in part included incarceration while waiting for his criminal charges to be ultimately dismissed.

## COUNT I - UNREASONABLE SEIZURE/FALSE IMPRISONMENT
## (42 U.S.C. § 1983; U.S. CONST. AMEND. IV, XIV)

17. Lakes incorporates and realleges the allegations of Paragraphs 1 through 16 of this Complaint, inclusive, as if fully restated herein.

18. The Defendants, in violation of 42 U.S.C. 1983, under color of law, intended to, and did deprive Lakes of the Fourth Amendment rights to which he was entitled; when the Defendants without probable cause detained, seized, and falsely imprisoned Lakes.

19. There was no probable cause to seize Lakes when Lakes was allegedly only with someone who was actually suspected of a criminal offense.

20. At the time Lakes was seized, the Defendants had no reasonable belief that Lakes committed, was committing, or was about to commit a criminal offense.

21. The Defendants intended to confine Lakes without probable cause to do so.

22. Lakes was confined by the Defendants when they seized him, handcuffed him and denied Lakes an opportunity to leave.

23. Lakes was not free to leave, and could not leave.

24. Further, a reasonable person in Lakes's position would not have felt free to leave.

25. Lakes did not consent to the confinement.

26. The acts of the Defendants in seizing and falsely imprisoning Lakes's

5

person, violated Lakes's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

27. The actions of the Defendants were the direct and proximate cause of the violations of Lakes's Fourth Amendment rights, as well as the resulting harm, including his constitutional injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, JOHNNY L. LAKES, requests this Honorable Court to enter judgment in his favor and against the Defendants OFFICER MICHAEL CORRIGAN (Star # 221), OFFICER WILLIAM S. MASSUCI (Star # 215), OFFICER RICHARD H. BOLEC (Star. #244), and COMMANDER MICHAEL OSCHNER, JR. (Star #406), and to award Lakes actual or compensatory damages against the Defendants, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, plus the costs of this action and such other and additional relief as this Court deems just and proper.

COUNT II - UNREASONABLE SEARCH
(42 U.S.C. § 1983; U.S. CONST. AMEND. IV, XIV)

28. Lakes incorporates and realleges the allegations of Paragraphs 1 through 27 of this Complaint, inclusive, as if fully restated herein.

29. The Defendants, in violation of 42 U.S.C. 1983, under color of law, intended to, and did deprive Lakes of the Fourth Amendment rights to which he

was entitled; when the Defendants without probable cause or reasonable suspicion searched Lakes's vehicle.

30. The acts of the Defendants in unlawfully searching Lakes's person and wallet violated Lakes's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

31. The actions of the Defendants were the direct and proximate cause of the violations of Lakes's Fourth Amendment rights, as well as the resulting harm, including his constitutional injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, JOHNNY L. LAKES, requests this Honorable Court to enter judgment in his favor and against the Defendants OFFICER MICHAEL CORRIGAN (Star # 221), OFFICER WILLIAM S. MASSUCI (Star # 215), OFFICER RICHARD H. BOLEC (Star. #244), and COMMANDER MICHAEL OSCHNER, JR. (Star #406), and to award Lakes actual or compensatory damages against the Defendants, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, plus the costs of this action and such other and additional relief as this Court deems just and proper.

## COUNT III – FAILURE TO INTERVENE
### (42 U.S.C. § 1983; U.S. CONST. AMEND. IV, XIV)

32. Lakes incorporates and realleges the allegations of Paragraphs 1 through 31 of this Complaint, inclusive, as if fully restated herein.

33. The Defendants' actions and/or inactions in failing to intervene and protect Lakes from the excessive, unjustifiable, and unlawful seizure and search, despite the duty and opportunity to do so, violated Lakes's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

34. The actions of the Defendants were the direct and proximate cause of the violations of Lakes's Fourth Amendment rights, as well as the resulting harm, including his constitutional injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, JOHNNY L. LAKES, requests this Honorable Court to enter judgment in his favor and against the Defendants OFFICER MICHAEL CORRIGAN (Star # 221), OFFICER WILLIAM S. MASSUCI (Star # 215), OFFICER RICHARD H. BOLEC (Star. #244), and COMMANDER MICHAEL OSCHNER, JR. (Star #406), and to award Lakes actual or compensatory damages against the Defendants, and because they acted maliciously, wantonly, or oppressively, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, plus the costs of this action and such other and additional relief as this Court deems

just and proper.

## COUNT IV – INDEMNIFICATION – CITY OF BERWYN, ILLINOIS
## (745 ILCS 10/9-102)

35. Lakes incorporates and realleges the allegations of Paragraphs 1 through 34 of this Complaint, inclusive, as if fully restated herein.

36. The Defendant City of Berwyn, Illinois is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers against Lakes, which were taken while acting under color of law and in the course and scope of their employment with the City of Berwyn.

WHEREFORE, the Plaintiff, JOHNNY L. LAKES, requests this Honorable Court to enter judgment in his favor and against the Defendant CITY OF BERWYN, ILLINOIS, should the individual Defendants be found liable on one or more of the claims set forth herein, LAKES demand that the Defendant CITY OF BERWYN be found liable for any judgment, other than punitive damages, LAKES obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY PURSUANT TO F.R.CIV.P. 38(b).**

Dated: August 31, 2016          Respectfully submitted,

                                              /s/ David G. Sigale
                                              Attorney for Plaintiff

LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
Atty. ID# 6238103
dsigale@sigalelaw.com